UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

        Plaintiff,

  v.                                      Case No. 06-C-763

JEFFREY ENDICOTT, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff West, who is proceeding pro se, filed a rambling civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by a total of thirty-seven different individuals employed by the Wisconsin Department of Corrections. Plaintiff is currently incarcerated at the Wisconsin Secure Program Facility (WSPF).

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of

twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

(1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's complaint sets forth a laundry list of instances in which the plaintiff's mail was damaged over a period stretching back more than seven years.[2] It appears that in slicing open the envelopes, the defendants have on a number of occasions sliced the letter contained therein in half. The allegations concerning damage to plaintiff's general mail fail to state a claim upon which relief can be granted. At most, it appears defendants aren't as careful as they should be in opening plaintiff's mail. There is no allegation, however, that he is unable to read the mail or is otherwise harmed.

Although plaintiff asserts that the damage to his mail is in retaliation for his "numerous litigations," even this effort fails to state a viable claim. The claim sets forth dozens of instances

---

[2]Under Wisconsin law, the statute of limitations for a § 1983 claim is six years. *Gray v. Lacke*, 885 F.2d 399, 407-09 (7th Cir.1989). Thus, it is likely that any claim that arose prior to July 14, 2000, will be barred. However, the statute of limitations is an affirmative defense, and a complaint states a claim whether or not a defense is potentially available. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir.2004).

of damaging the plaintiff's mail (again, dating back to 1999) by a wide variety of defendants. He asserts that he believes these acts were a "form of retaliation" against him for his "numerous litigations." But given the large number of defendants implicated and the seven-year time span over which these acts occurred, the notion that the damage to his mail was retaliatory is wholly implausible. More importantly, the claim does not adequately apprise the defendants of the nature of the claim–it is impossible for a dozen or so defendants to defend against the vague and conclusory allegation as it is presently set forth. Accordingly, the claims set forth under the heading "Damaging Incoming Personal Mail are dismissed.

Plaintiff next alleges that various defendants illegally opened his incoming legal mail outside his presence over the past seven years. He alleges that all of the mail was clearly marked "Open In Presence of Inmate" and was from a legal source. Despite this warning, plaintiff alleges defendants Luetkens, Bandeko, Christensin, Haberstein, Lardinois, Loskot, Grondin, Wetter, Koening, McCullough, J. Huibregtse, Weeden and Eggers opened the legal mail outside his presence.

In *Kaufman v. McCaughtry*, 419 F.3d 678 (7th Cir. 2005), the Seventh Circuit described the constitutional right of inmates to send and receive mail:

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

4

419 F.3d at 685-86. Based on the foregoing, I conclude that plaintiff's allegations that the above-named defendants opened his legal mail may state a claim upon which relief can be granted. He will therefore be allowed to proceed as to these claims.

Plaintiff next claims that defendants Johnson, Boyer and Patten illegally destroyed two items of incoming legal mail. It is clear from his allegation, however, that neither of the items alleged destroyed constitute legal mail. The first was an envelope containing exhibit stickers from the Western District of Wisconsin. The second was a letter from the Clerk of Courts for Dane County. Legal mail consists of correspondence from or to the inmates attorney. Neither of the items of mail plaintiff claims were destroyed qualify as legal mail. Destruction of non-legal mail does not state a federal claim where there are post-deprivation remedies available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Here, the state has a grievance procedure available to the plaintiff. He can also file state tort claims based on the destruction or withholding of his property. And although plaintiff also alleges violations of various Department of Corrections regulations, violation of a state regulation is not a federal matter. Accordingly, these claims will be dismissed.

Plaintiff also claims he was forced to pay 5 cents extra for using his pre-stamped envelopes after stamp prices went up. On several occasions, prison staff confiscated various reading materials and newspaper clippings on the grounds that they were inflammatory or security threats. They also confiscated mail sent to the plaintiff from a man who had "two sheets of CCAP," i.e., he had a criminal record. On another occasion, prison staff removed a flyer from another prisoner's missive to the plaintiff. He also asserts that the prison withheld other publications that he possessed prior to his incarceration at WPSC.

5

As already noted, to the extent these claims are based on random and unauthorized deprivations of property, they are not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. Wisconsin law clearly allows post-deprivation remedies. The bulk of the plaintiff's claims fall into this category.

It also appears, however, that plaintiff may have stated two additional claims. First, he asserts that certain prison staff–Asperson, Carpenter, Lange, Grondin, Gerber and Judith Huibregtse–intentionally obstructed the filing of his notice of claims with the state attorney general. (Compl. at 8-9.) This could state a claim for a violation of plaintiff's ability to access the courts. Second, he asserts that the censorship of his materials was overly broad and not justified by any reasonable need to provide security. This censorship was done by defendants Endicott, Dittberner, Parker, Douma, Luetkens Hodgkins, Berge, Judith Huibregtse, and Grondin and was "condoned" by Frank and Peter Huibregtse.. Plaintiff will be allowed to proceed on these claims as well.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the plaintiff may proceed on the claims, as set forth herein, against defendants Luetkins, Bandeko, Christensen, Haberstein, Lardinois, Loskot, Grondin, Wetter, Koening, McCullough, J. Huibregtse, Weeden, Eggers, Endicott, Dittberner, Parker, Douma, Hodgkins, Asperson, Carpenter, Lange, Gerber, P. Huibregtse, Berge and Frank. All other claims are dismissed.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty

6

percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants Luetkins, Bandeko, Christensen, Haberstein, Lardinois, Loskot, Grondin, Wetter, Koening, McCullough, J. Huibregtse, Weeden, Eggers, Endicott, Dittberner, Parker, Douma, Hodgkins, Asperson, Carpenter, Lange, Gerber, P. Huibregtse, Berge and Frank pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their

7

attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   10th   day of August, 2006.

                                                             s/ William C. Griesbach
                                                             William C. Griesbach
                                                             United States District Judge