USDC  Green Bay  EDOW

Mr. Rufus West - Plaintiff (Wisconsin Secure Program Facility) (WSPF)
-v-  Case #06-C-763

1) Jeffrey Endicott (Red Granite Correctional Institution) (RGCI), 2) James Luetkins (Columbia Correctional Institution) (CCI), 3) Linda Hodgkins (CCI), 4) Dawn Dittberner (CCI), 5) Raymond Bandeko (CCI), 6) Lt. Parker (CCI), 7) Tim Douma (Oshkosh Correctional Institution) (OCI), 8) Allen Christensen (Green Bay Correctional Institution) (GBCI), 9) Tom Haberstein (GBCI), 10) Fran Lardinois (GBCI), 11) Craig Loskot (WSPF), 12) Sandra Grondin - S. Grondin (WSPF), 13) Daryl Flannery (WSPF), 14) Gary Wetter (WSPF), 15) D. Weeden (WSPF), 16) Thomas Koenig (OCI), 17) Todd Evers (WSPF), 18) Judith Huibregtse - J. Huibregtse (WSPF), 19) Capt. Gilberg (WSPF), 20) Gerald Berge (WSPF), 21) Peter Huibregtse - P. Huibregtse (WSPF), 22) Tonya McCullough (WSPF), 23) James Eggers (New Lisbon Correctional Institution (NLCI), 24) Johnson (WSPF), 25) Bloyer (WSPF), 26) Patten (WSPF), 27) Mary Wayne (WSPF), 28) Richard Schneiter (WSPF), 29) Tracy Gerber (WSPF), 30) Sickinger (WSPF), 31) Starkey (WSPF), 32) Asperson (WSPF), 33) Lange (WSPF), 34) Carpenter (WSPF), 35) Jon Litscher (Madison), 36) Mathew Frank (Madison), 37) Alpha Unit John Does (WSPF), 38) Jana Juergens (WSPF), 39) Heidi Brown (WSPF), 40) Mary Taylor (WSPF), 41) Michael Sherman (WSPF), 42) Mary Updike (WSPF) - Defendants.

42 USC s.1983 Amended Complaint

## Parties

Plaintiff, Mr. Rufus West (hereinafter, West), is a prisoner imprisoned at Supermax, now known as WSPF, Box 9900, Boscobel, WI. 53805. West demands a jury trial.

Defendants, at all times relevant to the claims in this complaint, were Dept. of Corrections employees acting under color of law. Defendant Endicott's address is RGCI, 1008 County Road EE, Redgranite, WI. 54970. Defendants Luetkins, Hodgkins, Dittberner, Bandeko, & Parker's last known address is CCI, Box 900, Portage, WI. 53901. Defendants Christensen, Haberstein, & Lardinois' last known address is GBCI, Box 19033, Green Bay, WI. 54307. Defendants Litscher

Frank's last known address is Box 7925, Madison, WI. 53707. Defendants Koenig & Douma's last known address is OCI, Box 3530, Oshkosh, WI. 54903. Defendant Eggers last known address is NLCI, 2000 Progress Rd., New Lisbon, WI. 53950. The remaining defendants' last known address is 1101 Morrison Dr., Boscobel, WI. 53805.

### Nature of the Case

This is a civil action commenced pursuant to 42 USC s.1983 alleging violations of prison, federal & state laws by all of the above-named defendants that caused West to suffer actual damage & emotional distress. The above-captioned defendants are being sued in their individual & official capacity.

### Re: Request to Accept Supplemental State Tort Claims

Because the claims herein violate both federal & state law, West requests that this court accept supplemental jurisdiction over his pendent state tort claims pursuant to 28 USC s.1367.

### Re: Exhaustion of Available Administrative Remedies

West has exhausted all of his available administrative remedies in re the claims in this complaint.

### Re: Compliance With Wisconsin's Notice of Claim & Injury Statute

West has complied -w- the Wisconsin Notice of Claim & Injury statute by filing a notice of claim -w- the attorney general in re the claims in this complaint.

## Statement of Claims

Re: Damaging Incoming Personal Mail

1) West's incoming personal mail was: ripped & sliced on 5-7-99 by Luetkins, & Hodgkins; sliced 98% in ½ on 6-7-02 by Loskot, S. Grondin, & Flannery; sliced 25% in ½ on 6-21-02 by Loskot, S. Grondin, & Wetter; sliced in ½ on 6-24-02 by Loskot, S. Grondin, & Wetter; sliced in ½ on 12-26-02 by Weeden, Koenig, S. Grondin, & Wetter; sliced 98% in ½ by Evers, S. Grondin, & Wetter; sliced in ½ on 5-6-03, by J. Huibregtse, S. Grondin, & Wetter; sliced in ½ on 10-15-03, by J. Huibregtse, & S. Grondin, & Updike; sliced in ½ on 10-31-03, by J. Huibregtse, & S. Grondin; sliced in ½ on 12-9-03, by J. Huibregtse & S. Grondin; sliced in ½ on 1-16-04, by J. Huibregtse, & S. Grondin; sliced in ½ on 1-23-04, by J. Huibregtse & S. Grondin; sliced in ½ on 5-4-04 by J. Huibregtse & S. Grondin; sliced 99% in ½ on 6-4-04 by J. Huibregtse & Updike; sliced 98% in ½ on 12-27-04 by J. Huibregtse & Sherman; sliced in ½ on 5-16-05 by S. Grondin & Flannery; sliced in ½ on 6-14-05 by J. Huibregtse & S. Grondin; sliced halfway down the middle on 8-25-05 by J. Huibregtse & S. Grondin; sliced 75% in ½ on 2-15-06 by J. Huibregtse & S. Grondin; sliced in ½ on 6-23-06 by J. Huibregtse & S. Grondin. In all of said incidents, the slicing sliced away words & complete sentences from said mail resulting in West having to guess about what was missing. Gilberg is the mail / property supervisor, yet he failed to intervene on West's behalf despite him knowing about such incidents via West's incessent complaints on said incidents. Berge & P. Huibregtse also knew about said incidents via West's continuous complaints about it but they too failed to intervene on West's behalf claiming that said negligent incidents were negligently conducted, thus allowing the above defendants to continue damaging West's mail. West asserts that he believes said repeated

acts are a form of retaliation against West because of his numerous litigations (i.e. complaints, grievances, lawsuits, etc) against said defendants. Even if the defendants try to claim that they were all accidents, the law is clear that repeated negligent acts can amount to a deliberate act, & the supervisors & higher supervisors are responsible for correcting their staff's conduct. The defendants' actions in this paragraph are contrary to the 1st & 14th Amendments; Article I section 4 (right to petition government -w-out retaliation) to the WI. Const.; WI. Stats. 302.08 (said conduct isn't treating West -w- kindness), 895.80, 940.29 (said conduct is abuse & ill treatment), 943.01 (damaging West's mail), 946.12 (via refusal to perform their duties pursuant to state & federal law, & they went beyond their duties in doing said conduct), 946.73; & Negligence

Re: Illegally Opening West's Incoming Legal Mail Outside of His Presence

2) West's incoming legal mail was illegally opened outside of his presence on: 10-15-99 by Luetkens & Bandeko (from Eastern District of WI. federal court); 1-19-01, by Christensen, Taberstein, & Lardinois (from attorney Terry E. Williams); 4-30-01, by Christensen & Lardinois (from attorney Robert Mayer), & stole a fax letter from it; 9-10-01, by Loskot, S. Grondin, & Wetter (from attorney Susan Rosenberg); 9-10-01, by Loskot, S. Grondin, & Wetter (from attorney Cynthia Manlove); 11-21-01, by Loskot, S. Grondin, & Wetter (from Law Firm of Garvey & Stoddard); 3-4-02, by S. Grondin (from attorney Robert Mayer); 10-2-02, by S. Grondin (from "Circuit Court Branch 7, Maria Krueger, Judge, Dane County Courthouse"); 1-27-03, by S. Grondin, Wetter, & Koenig (from attorney Robert Mayer); on 2-4-03, by McCullough (from "Chambers of Aaron E. Goodstein, United States Magistrate Judge, United States Courthouse"); 3-4-03, by S. Grondin (from attorney Robert Mayer); 9-2-03, by J. Huibregtse & S. Grondin (from "U.S. Department of Justice" in Washington DC that was returned to him); 2-9-04, by J. Huibregtse & S. Grondin (from "Office of the Clerk, United

States District Court, Eastern District of Wisconsin."); 4-5-04, by J. Huibregtse & S. Grondin (from Milwaukee's "U.S. Marshals Service, 38 U.S. Courthouse, 517 East Wisconsin Avenue"); 11-26-04 by Brown & Juergens (from Judge Rudolph Randa); 5-16-05, by S. Grondin & Flannery (from "Prisoners Self Help Legal Clinic" in Newark, NJ.); 4-21-06, by Alpha Unit John Does (from WI. Court of Appeals). The defendants' actions in this paragraph are contrary to DOC 309.05(4) & WSPF #524.02 p.2 (prison rules that prohibits DOC staff from opening prisoners incoming legal mail outside of the prisoner's presence); 1st & 14th U.S. Amendments; WI. Const. Art. I section 4 (said conduct abridged West's right to petition the government); WI. Stats. 302.08 (said conduct was not treating West -w- kindness), 895.80, 940.29 (tampering -w- West's said mail is abuse & ill treatment towards West), 946.12 (said defendants refused to perform their duties pursuant to state & federal law, & they went beyond their duties by tampering -w- said legal mail). All of West's said incoming legal mail that was mailed to him was clearly marked "Open In Presence Of Inmate," & from a legal source as defined by DOC 309.04(3)

Re: Illegal Destruction Of Incoming Legal Mail Without Due Process.
3) On 7-18-03, at mailcall, Johnson & Bloyer illegally confiscated & destroyed West's incoming legal mail (Exhibit stickers) from the Western District of Wisconsin federal court that he needed for his Case #03-C-313-S. On 2-26-04, at mailcall, Peterson & Patten illegally confiscated & destroyed West's incoming legal mail (a note from the "Dane County Clerk of Circuit Court" that was written on a post-it) solely because it was a Post-it. On both occasions said confiscation & destruction was -w-out due process. The defendants' conduct in this paragraph are contrary to WSPF's & DOC policies & rules (WSPF #524.02 p.9, DOC 309 IMP 4 p.4) mandating that all alleged contraband via mail must be held, & the prisoner receives a Notice of Non-Delivery form which starts the

process for the prisoner to formally challenge the deprivation via various appeals; WI. Const. Art. I sections 4 (via confiscating & destroying West's said legal mail abridged his right to petition the government) & 8 (via the confiscation & destruction of West's incoming legal mail violated the due process; see Arneson-v-Jezwinski, 592 NW2d 606 (1999)); WI. Stats. 302.08 (said conduct is not treating West -w- kindness), 895.80, 940.29 (said conduct constitutes abuse & ill treatment), 943.01 (destruction of said legal mail), 946.12 (said conduct amounts to refusal to perform their duties pursuant to state & federal law, & they went beyond their duties by confiscating & destroying West's incoming legal mail -w-out due process); 1st & 14th U.S. Amendments.

Re: Embossed Envelopes

4) On 6-24-02, the WSPF Business Office proliferated a memo to everyone, including West, stating that the price of embossed envelopes were being raised & if any prisoners had any remaining 34¢ embossed envelopes that they wanted to use, WSPF, not the prisoner, would pay the extra 3¢ postage -w-out any charge to the prisoner. However, because of West's litigations against the Business Office, WSPF mail staff for tampering -w- his mail, & P. Huibregtse, & Berge, & Litscher, & Frank for failure to intervene, & because of West's poverty, J. Huibregtse, Wayne, P. Huibregtse, Berge, Schneiter, & Frank have successfully conspired to prevent West from using his said 13 34¢ embossed envelopes to mail out his mail unless he paid said extra 3¢ postage, while all the other prisoners didn't have to pay said extra 3¢. As a result of the defendants conduct in this paragraph, West was compelled to pay 5¢ extra postage for each said envelope for 3 envelopes on 1-30-06, & 1 envelope on 2-1-06, because West wasn't able to get any access to any monies from 6-24-02 to approximately 1-30-06, & the postal service raised the postage price by another 2¢ during that time. West hasn't been able to get access to any more monies since approximately 2-1-06. As such, West is

unable to use his remaining said 34¢ embossed envelopes to mail his mail out. The defendants conduct in this paragraph are contrary to the 1st & 14th U.S. Amendments; WI. Const. Art. 1 section 4 (via denying West access to 3¢ free extra postage because of his litigations against them); WI. Stats. 302.08 (said conduct was not treating West -w- kindness), 895.80, 940.29 (said conduct amounted to abuse & ill treatment), 946.12 (said conduct shows refusal to perform their duties pursuant to state & federal law, & they went beyond their duties by compelling West to pay for his extra postage, & no other prisoner was compelled to do the same).

Re: Illegally Banned Reading Materials

5) The 1st Amendment guarantees prisoners a right to receive reading material via mail, while the 14th Amendment requires that before a prisoner is deprived of said right prison staff must provide the prisoner -w- specific description & reasons why said reading material is banned in order for the prisoner to be able to challenge said specific reason / description. Said specific description & reason is mandatory in order to show that prison staff aren't depriving the prisoner his reading material via illegal means, e.g. the prison staff disagree -w- opinions in said material via personal bias, or retaliation against the prisoner, etc. Nevertheless, West was deprived of his Maoist International Movement (MIM) newspapers & reading materials being mailed to him from MIM, on 11-10-99, 12-6-99, & 12-22-99, by Endicott, Dittberner, Parker, Douma, Luetkens, Bandeko, & Hodgkins who all claimed &/or affirmed that said MIM material deserved to be banned because they are a "security risk," yet they never explained how, where at in said material, described it, or why said material specifically posed a "security risk." Said illegal process of banning West's incoming reading material by various defendants have been continuously occurring when said material is from pro prisoner rights type organizations or

revolutionary type organizations, like MIM. As a result, West's said topic-type reading material has been illegally banned via said ambiguous fashion on 11-26-03, by Berge & condoned by Frank (Inside Out Newsletter #4, alleged to be "threat to security & mental health" of prisoners); on 9-28-05, by J. Huibregtse, & condoned by P. Huibregtse & Frank (9-23-05 Issue of PAC Newsletter, alleged to contain "Inciteful information that is racial in nature."); on 11-23-05, by J. Huibregtse, & condoned by P. Huibregtse & Frank (11-17-05 Issue of PAC Newsletter, alleged to be "inflammatory and inciteful."); on 1-31-06, by J. Huibregtse, & condoned by P. Huibregtse & Frank (1-25-06 Issue of PAC Newsletter, alleged to be "inflammatory and inciteful.") Since said defendants wouldn't describe what or how said reading material deserved to be banned, West wrote & asked MIM, Inside Out, & PAC, & inquired into what the contents of said banned material was, & they all responded that their contents were either criticizing the government &/or prison system, or relaying prison news. The defendants conduct in this paragraph is contrary to the 1st & 14th U.S. Amendments; WI. Const. Art. 1 section 8 (no adequate due process for West to adequately challenge said bans due to said unconstitutionally vague reasons for bans, see Arneson-v-Jezwinski, supra).

Re: Refusals To Mail Out Notice of Claims Via Certified Mail
6) Wisconsin law mandates that a Notice of Claim must be filed -w- the WI. Attorney General via certified mail, not via regular mail, -w-in 120 days of the claim in order to secure the right to sue the wrongdoer in later litigation. See WI. Stat. 893.82. Failure to comply -w- said certified mail requirement voids said Notice of Claim & bars the claimant from pursuing said later litigation. The process for a WSPF prisoner on legal loan to mail out a Notice of Claim via certified mail, is to send the mail -w- a Disbursement Request (on which the prisoner writes he needs said mail to be mailed via certified mail)

to WSPF staff to be processed by the 3rd shift unit sgt, & the mailroom staff. (WSPF #524.02 p.4, DOC 309 IMP 29.) On 5-8-06 (Asperson 5-7-06), & 5-22-06 (5-21-06 Carpenter) S. Grondin, Gerber, & J. Huibregtse continuously refused to honor West's 5-7-06 & 5-21-06 (respectively) requests to have his Notice of Claims mailed via certified mail to the WI Attorney General, but instead mailed said 2 separate mailpieces via regular 1st class postage, thus nullifying West's Notice of Claims. On each occasion West filed a grievance via Inmate Complaint Review System (ICRS), & on both occasions, as early as 5-17-06, the ICRS staff agreed -w- West & sent a copy of said decision to S. Grondin & Gerber's department. Nevertheless, said defendants still refused to honor West's said 5-21-06 certified mail request. The defendants conduct is contrary to WSPF #524.02 p.4, DOC 309 IMP 29; 1st U.S. Amendment (court access), WI. Const. Art. I section 4 (abridging West's right to petition the government); WI. Stats. 302.08 (said conduct was not treating West -w- kindness), 940.29 (said conduct amounted to abuse & ill treatment), 946.12 (said defendants refused to perform their duties pursuant to state & federal law, & they went beyond their duties when committing said conduct).

Re: Illegal Denial of CCAP Information Via Mail

7) As explained above, in paragraph (5) prison staff must describe specifically what contents, & why the contents that they're banning regarding prisoners incoming mail deserves to be banned. This provides the prisoner -w- adequate notice of what he's appealing, & excludes any deliberate illegal banning based on retaliation, disagreement -w- political, religious or other beliefs & views. On 9-12-05, S. Grondin banned West's incoming mail from a friend on the street; claiming the sole reason justifying said ban as "Two sheets of CCAP (of another person's) not allowed according to 309.04 threatens the security of the institution." CCAP information consists of

various legal cases that are of public record. Like the instances in paragraph (5), supra, S. Grondin, & subsequently P. Huibregtse & Frank, never specified the descriptive nature in the mail, why, & in what way could said mail threaten institution security. As such, West was unable to adequately challenge said ban. The defendants conduct in this paragraph violates the 1st & 14th U.S. Amendments; WI. Const. Art. 1 section 8 (no adequate due process; see Arneson -v- Jezwewski, supra).

Re: Illegal Deprivation of Incoming Mail From Mr. Berrell Freeman

8) As stated in paragraph (5), supra, prisoners are allowed to receive mail (1st Amendment), & when a prisoner's mail is banned he must be given the reason(s) why & be given a chance to challenge said ban (14th Amendment; WI. Const. Art.1 section 8). WSPF has policies & rules that they must abide by (WSPF 524.02 pp 5,9-10; DOC 309 IMP 1 pp. 2,6; DOC 309.IMP 4 pp 2,4; 530.02) when banning WSPF prisoner-to-prisoner mail are similar to the 14th Amendment mandates. Nevertheless, on 5-2-06, at mail call, Sickinger & Starkey removed some legal mail & an order form from West's incoming mail & a flyer from West's incoming mail from Mr. Berrell Freeman & returned them to Mr. Freeman, & gave West the remaining contents of Mr. Freeman's mail, all -w-out telling West anything. The only way West found out is because Mr. Freeman told West about it. Said defendants conduct was condoned by P. Huibregtse & Frank. As a result, West was deprived of his incoming mail -w-out due process. The defendants conduct in this paragraph violates the 1st & 14th U.S. Amendments; WSPF #524.02 pp 5, 9, DOC 309IMP1 p 6, DOC IMP 4 p. 4, WSPF #530.02; WI. Const. Art. 1 section 8 (via mail deprivation -w-out due process, see Arneson -v- Jezwinski, supra); WI. Stats. 302.08 (said conduct is not treating West -w- kindness), 940.29 (said conduct constitutes abuse & ill treatment), 946.12 (said conduct amounts to refusal to perform their duties pursuant to state & federal law, & they went beyond their duties by removing said contents from West's incoming mail & returning them to the sender, all -w-out due process

Case 1:06-cv-00763-WCG   Filed 12/22/06   Page 10 of 16   Document 25

Re: Illegal Deprivation of Newspaper Clippings Via Mail

9) WSPF allows its prisoners to receive newspaper clippings via mail. However, on 4-21-06, J. Huibregtse banned some newspaper clippings from Mr. West's incoming mail from Mr. James Schmeisser, alleging that they "Violates IMP 309.04 and if delivered would violate 303.47." Again, the lack of specificity as to how said newspaper clippings are illegal deprived West of actual notice of why they were banned, which resulted in West not being able to adequately challenge said ban. (See paragraph (5), supra.) Simply citing IMP 309.04 (which is several pages regarding several topics) & 303.47 (which has several contraband sections) is unconstitutionally vague. Nevertheless, P. Huibregtse illegally denied West's appeal of said ban, but P. Huibregtse's reason was contrary/different than J. Huibregtse's reasons. P. Huibregtse claimed said clippings are a violation of 303.40 (unauthorized transfer of property) & "Inmates may not transfer property between other inmates unless prior authorization is given by DOC staff." The evidence shows that 303.40 isn't meant to be so generally & arbitrarily applied to newspaper clippings (that incidently were articles about the death of a WSPF prisoner under suspicious circumstances), per 303.40's Appendix. Furthermore, "prior authorization" was given by the DOC staff who read Mr. Schmeisser's said mail & inspected it (per WSPF #524.02 p.5, DOC 309 IMP 4 pp 2,4) as all "Inmate to Inmate" mail -w-in WSPF must be treated as such, & Mr. Schmeisser & West were WSPF prisoners at that time, & felt that it was o.k. to allow Mr. Schmeisser to mail West said clippings. Had said DOC staff felt otherwise, said mail would've never been mailed out to West, per 524.02, & DOC 309 IMP 4 (It should be noted that J. Huibregtse only deals -w- incoming mail in this fashion, not outgoing mail.) Unfortunately, Frank condoned said defendants conduct. The defendants conduct in this paragraph are contrary to the 1st & 14th U.S. Amendments; WI. Const. Art. I section 8 (supra)

Re: Illegal Deprivation of All Newspapers, Magazines, Catalogs, Newsletters, Pamphlets (Publications) Without Due Process/Deprivation of All Publications.

10) For the purpose of this paragraph, the word "Publications" is used to describe reading material as newspapers, magazines, catalogs, newsletters & pamphlets. West has been imprisoned at WSPF since 9-6-01. From 9-6-01 to 2-14-06, Berge, P. Huibregtse, Schweiter, Litscher, & Frank illegally deprived West of all of his publications, & -w-out due process. Said deprivation includes publications West already had prior to imprisonment at WSPF, as well as publications West received while imprisoned at WSPF. Said publications were kept stored in a box, unless West's said box accumulated more than 25 publications, at which time West would be compelled to dispose of any publications over the 25 publication limit. West never abused his publications in any a way to justify the arbitrary withholding of his publications, & -w-out due process for approximately 4½ years. The defendants conduct in this paragraph are contrary to the 1st & 14th U.S. Amendments; WI. Const. Art. I section 8 (via withholding West's publications -w-out due process, see Arneson-v-Jezwinski, supra); WI. Stats. 302.08 (said conduct is not treating West -w-kindness), 940.29 (said conduct constitutes abuse & ill treatment), 946.12 (said conduct constitutes refusal to perform their duties pursuant to state & federal law which went beyond their duties).

## Relief

West requests $100,000.00 from each defendant for punitive damages, compensatory damages, emotional damages, replevin relief, & non-economic damages; injunctive relief enjoining all of the defendants from committing said violations in this complaint; & appointment of counsel.

I, Mr. Rufus West, declare under penalty of perjury pursuant to 28 USC s 1746 that the above is true.

Dated 12-10-06

Mr. Rufus West

Supermax

USDC          Green Bay          EDOW

Mr. Rufus West - Plaintiff (Wisconsin Secure Program Facility - WSPF)

-v-          Case # 06-C-763

1) Sandra Grondin (WSPF), 2) Brian Langs (WSPF), 3) Judith Huibregtse (WSPF), 4) Peter Huibregtse (WSPF), 5) Mathew Frank (Madison), 6) Tracy Gerber (WSPF) - defendants

## 42 USC s.1983 Supplemental Complaint

### Parties

Plaintiff, Mr. Rufus West (hereinafter, West), is a prisoner imprisoned at Supermax, now known as WSPF, Box 9900, Boscobel, WI. 53805. West demands a jury trial.

Defendants, at all times relevant to the claims in this complaint, were Dept. of Corrections employees acting under color of law. Defendant Frank's address is Box 7925, Madison, WI. 53707. The remaining defendants' address is WSPF, Box 9900, Boscobel, WI. 53806; 1101 Morrison Dr., Boscobel, WI. 53805.

### Nature of the Case

This is a civil action commenced pursuant to 42 USC s.1983 alleging violations of prison, federal, & state laws by all of the above named defendants that caused West to suffer actual damage & emotional distress. The above-captioned defendants are being sued in their individual & official capacity.

### Re: Request to Accept Supplemental State Tort Claims

Because the claims herein violate both federal & state law, West requests that this court accept supplemental jurisdiction over his pendent state tort claims pursuant to 28 USC s.1367.

Re: Compliance With Wisconsin's Notice of Claim & Injury Statute

West has complied -w- the Wisconsin's Notice of Claim & Injury statute by filing a notice of claim -w- the attorney general in re. the claims in this complaint.

## Statement of Claims

Re: Illegally Opening West's Incoming Legal Mail Outside of His Presence

1) West's incoming legal mail was illegally opened outside of his presence on 8-7-06 by J. Huibregtse from the "State of Wisconsin Department of Justice" even though it was stamped real big on the front "Open In The Presence Of The Officer." The defendant's action in this paragraph is contrary to DOC-309.05 (4) & WSPF #524.02 p.2 (prison rules that prohibits DOC staff from opening prisoners incoming legal mail outside of the prisoner's presence); 1st & 14th U.S. Amendments; WI. Const. Art. I section 4 (said conduct abridged West's right to petition the government); WI. Stats. 302.08 (said conduct was not treating West -w- kindness); 895.80, 940.29 (tampering -w- West's said mail is abuse & ill treatment towards West), 946.12 (said defendant refused to perform her duties pursuant to state & federal law, & she went beyond her duties by tampering -w- said legal mail). Said legal mail is from a legal source as defined by DOC 309.04 (3).

Re: Illegally Banned Reading Materials

2) The 1st Amendment guarantees prisoners a right to receive reading material via mail, while the 14th Amendment requires that before a prisoner is deprived of said right prison staff must provide the prisoner -w- specific descriptions & reasons why said reading material is banned in order for the prisoner to be able to challenge said specific reason/description. Said specific description & reason is mandatory in order to show that prison staff aren't depriving the prisoner of his reading material via illegal means, e.g. the prison staff disagree -w- opinions in said material via personal bias, or retaliation against the prisoner, etc.

Nevertheless, West was deprived of his incoming reading material on numerous occasions by various defendants when said material was from pro-prisoner-rights type organizations or revolutionary type organizations. West's said topic-type reading material has been illegally banned via said ambiguous fashion on 6-20-06, by S.Grondin, & subsequently condoned by P.Huibregtse & Frank (PAC Newsletter, alleged to be "injurious according to 309.04 (4)8(b) poses a threat to the security, orderly operation, discipline or safety of the institution"); on 7-26-06, by J.Huibregtse, & subsequently condoned by P.Huibregtse (8-11-06) & Frank (8-24-06) (FFUP Newsletter #12 A Bridge Of Voices, denied allegedly for "Racial statements that erode institution authority (p.9) and calls for resistance to that authority. DOC 309.04(4)c 8.b., 9., 10., & 12). Since said defendants wouldn't describe what or how said reading material deserved to be banned, West wrote & asked PAC & FFUP & inquired into what the contents of said banned material was, & they both responded that their contents were either criticizing the government &/or prison system, or relaying prison news. The defendants conduct in this paragraph is contrary to the 1st & 14th Amendments; WI. Const. Art. I section 8 (no adequate due process for West to adequately challenge said bans due to said unconstitutionally vague reasons for bans, see Arneson-v- Jezwinski, 592NW2d 606 (1999))

Re: Refusals To Mail Out Notice of Claims Via Certified Mail

   3) Wisconsin law mandates that a Notice of Claim must be filed -w- the WI. Attorney General via certified mail, not via regular mail, -w-in 120 days of the claim in order to secure the right to sue the wrongdoer in a later litigation. See WI. Stat. 893.82. Failure to comply -w- said certified mail requirement voids said Notice of Claim & bars the claimant from pursuing said later litigation. The process for a WSPF prisoner on legal loan to mail out a Notice of Claim via certified mail, is to send the mail -w- a Disbursement Request (on which the prisoner writes he needs said mail to be mailed via certified mail) to WSPF staff to be processed by the 3rd shift unit sgt & the mailroom staff. (WSPF # 524.02 p.4, Doc 309 [illegible]

(respectively) refused to honor West's 6-13-06 request to have his Notice of Claims mailed via certified mail to the WI. Attorney General, but instead mailed it via regular 1st class postage, thus nullifying West's Notice of Claims. On a previous incident in re the same issue, West filed a grievance via Inmate Complaint Review System (ICRS) & as early as 5-17-06 the ICRS agreed -w- West & sent a copy of its decision to Grondin's department. Nevertheless, said defendants still refused to honor West's said request. The defendants' conduct in this paragraph is contrary to WSPF #524.02 g.4, DOC309 IMP 29; 1st US Amendment (court access), WI. Const. Art. I section 4 (abridging West's right to petition the government); WI. Stats. 302.08 (said conduct was not treating West -w- Kindness), 940.29 (said conduct amounted to abuse & ill treatment), 946.12 (said defendants refused to perform their duties pursuant to state & federal law, & they went beyond their duties when committing said conduct).

Relief

West requests $100,000.00 from each defendant for punitive damages, compensatory damages, emotional damages, replevin relief, & non-economic damages; injunctive relief enjoining all of the defendants from committing said violations in this complaint; & appointment of counsel, & costs.

I, Mr. Rufus West, declare under penalty of perjury pursuant to 28 USC s.1746 that the above is true.

Dated 12-10-06

x *Mr. Rufus West*

Mr. Rufus West
Supermax