UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

        Plaintiff,

v.                                      Case No. 06-C-763

JEFFREY ENDICOTT, et al.

        Defendants.

**ORDER**

In a March 31, 2008 order, I granted summary judgment to the Defendants on all but one of the Plaintiff's claims. Relief on the remaining claim was denied because the evidence at issue (a publication sent to prisoners from the Prison Action Coalition) was not in the record. Defendants have now moved for summary judgment on that claim, and for the reasons given in the earlier decision summary judgment will be granted. If anything, the publication in question is more inflammatory than the others: it refers to WSPF inmates as "captives" and "victims" and suggests the prison is a disaster and a ploy. (Dkt. # 106, Ex. 1.) Needless to say, a prison administrator could conclude such a publication would be bad for morale, inhibit rehabilitation and undermine respect for staff. Accordingly, summary judgment will be granted to the Defendants on this remaining claim.

Plaintiff has also moved for reconsideration on the basis of a decision from the Western District of Wisconsin. *Johnson v. Raemisch,* 557 F. Supp.2d 964 (W. D. Wis. 2008). The motion for reconsideration will be denied for several reasons. First, the district court decision is not binding

authority on this court. Second, as the Defendants note, the case is distinguishable because it involved restrictions at a different prison and, more importantly, censorship of a newsletter from the Prison Action Coalition that was not at issue in this case. Judge Crabb's decision cited the offending newsletter at length, and there is little indication from those citations that the newsletter rose to the level of disrespect and inciteful commentary that was found in the materials at issue in this case. The fact that the newsletter also happens to come from the PAC does not mean the result in this case must change: prison censorship is only permissible on a case-by-case basis, and while one issue of a given publication might permissibly be censored, another might not. Accordingly, the decision from the Western District does not justify reconsideration. The motion for reconsideration is **DENIED**, and the second motion for summary judgment is **GRANTED**.[1] Judgment is to be entered in favor of the Defendants.

**SO ORDERED** this   21st   day of August, 2008.

>   s/ William C. Griesbach
>   William C. Griesbach
>   United States District Judge

---

[1] Plaintiff's "new evidence" (a government report on racial disparity) does not justify reconsideration. (Dkt. # 114.)